**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Narin Prasert Vong,                                                                 Civil No. 06-4596  JMR/AJB

                    Plaintiff,

v.                                                                                         **REPORT AND RECOMMENDATION**
                                                                  **ON MOTION FOR DEFAULT JUDGMENT**

Jon Loftness, Carol Holinka, and
Richard Lewis,

                    Defendants.

This action is before the United States Magistrate Judge for Report and Recommendation on plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55 with respect to each of the defendants [Docket No. 19]. Plaintiff is a federal prisoner incarcerated at FCI–Waseca, Minnesota. Defendant Jon Loftness is identified in the complaint as the Regional Inmate Systems Administrator for the Bureau of Prisons North Central Regional Office, Kansas City, Kansas. Defendant Carol Holinka is the warden at FCI–Waseca. Defendant Richard Lewis is the computer service manager at FCI–Waseca. Plaintiff filed a pro se complaint for violation of civil rights under 42 U.S.C. § 1983. The complaint asserts violation of plaintiff's constitutional rights arising out of the refusal by prison authorities to allow him access to computer programming books. Plaintiff alleges personal liability of the individual defendants and seeks compensatory and punitive damages.

**Procedural Status**

By Order dated March 8, 2007, plaintiff was granted IFP status and the U.S. Marshals Service was instructed to complete service upon return of U.S. Marshals Service Forms 285 from the

plaintiff with respect to each defendant for whom a properly completed marshals service form was submitted. USMS Forms 285 were submitted with respect to each defendant, summons were issued on March 21, 2007, and the U.S. Marshals Service sent a copy of the summons and complaint by certified mail to each defendant at their place of employment, as provided on the USMS Forms 285. Executed summons and return receipts were filed with the court on April 6, 2007.[1] By letter dated April 30, 2007, plaintiff was advised that defendants would be represented in this matter by the United States Attorney, but that the notice of appearance was not an acknowledgment of service or waiver of defenses.[2] The letter further referred the plaintiff to Fed. R. Civ. P. 4 for direction as to accomplishing service of process on the United States, its agencies, and its employees.[3] Defendants have not served or filed individual answers or a joint answer to the complaint, but have advised the plaintiff and the court in writing that they do not consider the pleadings to have been properly served upon them. In addition, defendants expressly asserted that service was deficient because defendants were not personally served, defendants were not provided a waiver of service form, and defendants were not served with a 60-day summons.[4] Plaintiff responded by letter dated June 5, 2007, in which he stated his belief that defendants had been properly served by the U.S. Marshal.[5] Plaintiff's Motion for Default Judgment

---

[1] Docket No. 12.

[2] Docket No. 14.

[3] Id.

[4] Docket Nos. 16 and 17.

[5] Docket No. 18.

was filed on June 27, 2007.[6]  Defendants submitted a memorandum response in opposition to default on June 28, 2007.[7]  In addition, declarations were filed on behalf of the defendants in which counsel declared that neither the United States Attorney nor the Attorney General of the United States had been served with the summons and complaint,[8] and each of the defendants declared that no one had been authorized to accept service on their behalf to the extent that individual capacity claims were alleged.[9]  The complaint alleges that the defendants are personally liable for constitutional deprivations.[10]

### Service of Process

Rule 4(i)(1) of the Federal Rules of Civil Procedure requires that service on the United States or its employees be effected by delivering the summons and complaint to the United States attorney for the district in which the action is brought and sending a copy of the summons and complaint to the Attorney General for the United States at Washington, D.C.  Rule 4(i)(2)(B) further requires that service on an United States employee sued in an individual capacity be effected by service as provided in Rule 4(i)(1) as well as service as required, in this instance, under Rule 4(e), therein providing means for service by personal delivery to an appropriate individual and location, or otherwise as permitted under Minnesota state law.

---

[6] Docket No. 19.

[7] Docket No. 21.

[8] Docket No. 23.

[9] Docket Nos. 24, 25, and 26.

[10] Docket No. 1; Complaint, page 6.

Plaintiff Narin Prasert Vong has made no showing that a copy of the summons and complaint was delivered to either the United States attorney or the Attorney General of the United States, and he therefore fails to establish grounds for default judgment against defendants on that account.  In addition, plaintiff makes no showing that the individual defendants were personally served in accordance with state law, or that they waived personal service,[11] or that the United States was served, as needed to effect service on the individual defendants with respect to suit against them in a personal capacity.  Under these circumstances the plaintiff's motion for default judgment should be denied.

Based upon the foregoing discussion and the entire record in this matter, the magistrate judge makes the following:

## RECOMMENDATION

The magistrate judge **hereby recommends** that plaintiff's motion for default judgment against each defendant for the amount requested in the original complaint be **denied**  [Docket No. 19].  It is **further recommended** that plaintiff Narin Prasert Vong be ordered to fully comply with Fed. R. Civ. P. 4(i)(1) and that he also fully comply with the requirements under Rule 4(i)(2)(B) in order to effect service with respect to individual capacity claims.  Upon his request plaintiff should be provided

---

[11] Pursuant to Fed. R. Civ. P. 4(d) defendants may be asked to waive personal service, and although they may be assessed costs of personal service, defendants are not required to waive.  Plaintiff must comply with provisions of Rule 4(d) in making a waiver request, including providing defendants with notices, copies and prepared waivers.  The clerk of court does not have preprinted acknowledgment and waiver of service forms.  In any event, the record in this case indicates that plaintiff did not make the required written request for waiver of personal service and acknowledgment of service by mail, and he did not provide any of the necessary documents and copies.

additional USMS Form 285s to be completed for purposes of making service on the United States and the three individual defendants pursuant to Rule 4(i)(2)(B).

Dated:   July 30, 2007

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before August 13, 2007.